Andrew M. Stein, SBN 82963
Law Office of Andrew M. Stein
9944 Flower Street
Bellflower, CA  90706
Tel:  (562) 866-9762
Fax: (562) 867-3603
e-mail: atty502@aol.com

Jerry L. Steering, SBN 122509
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Tel.: (949) 474-1849
Fax:  (949) 474-1883
e-mail:  jerrysteering@yahoo.com

Attorneys for plaintiff Mina Samaan

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Amie S. Park, State Bar No. 273346
E-Mail: Apark@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile:  (213) 426-2020

Attorneys for defendants County Of Los Angeles and Deputy Marcelo Sepulveda

Surekha A. Pessis
Los Angeles City Attorney's Office
City Hall East
200 North Main Street, 6th Floor
Los Angeles, CA 90012
213-978-7036
Fax: 2313-978-8785
Email: surekha.pessis@lacity.org

Attorney for defendant Miguel Sanchez

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MINA SAMAAN, | ) Case Number:  CV13-5724 MWF (RZx)<br>)<br>) PROTECTIVE ORDER ON PEACE |

PROTECTIVE ORDER ON PEACE OFFICER PERSONNEL RECORDS AND MEDICAL AND DISTRICT ATTORNEY'S OFFICE RECORDS

1

Law Offices of Jerry L. Steering

|  |  |
|---|---|
| Plaintiff, | ) OFFICER PERSONNEL RECORDS AND<br>) MEDICAL AND DISTRICT<br>) ATTORNEY'S OFFICE RECORDS |
| vs. | ) |
| COUNTY OF LOS ANGELES, JOSEPH JOESPH JAKL, MARCELO SEPULVEDA, MIGUEL SANCHEZ and DOES 1 through 10, inclusive, | )<br>)<br>) **NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**<br>) |
| Defendants. | )<br>) |

**HAVING CONSIDERED** the stipulation by the parties for a Protective Order for the personnel records and medical records of defendant Marcelo Sepulveda, and of the subject file(s) of the Los Angeles County District Attorney's Office sought to be protected in the stipulation upon which this order issues, and **GOOD CAUSE HAVING BEEN SHOWN THEREFOR:**

**T**he following is hereby ordered:

**1)**   Defendants County of Los Angeles and Deputy Sheriff Marcelo Sepulveda shall produce to plaintiff's counsel, Jerry L. Steering and Andrew M. Stein, the peace officer personnel records of defendant Marcelo Sepulveda, the medical records of defendant Marcelo Sepulveda, and the Los Angeles County District Attorney's Office's case-file (and any related District Attorney's Office's case file) that were demanded by plaintiff of defendant County of Los Angeles in plaintiff's document production demands.

2) The peace officer personnel records, District Attorney's files and medical records above-referenced, are to be designated as "Confidential Material."

3) Confidential Material shall be used solely in connection with the preparation and trial of the within case, *Samaan v. County of Los Angeles*, *et al*. Case No. CV 13-5724 MWF (RZx), or any related appellate proceeding, and not for any other purpose, including any other litigation; save an order of a court of competent jurisdiction.

4) Material designated as "Confidential Material" under this Protective Order, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material" or "Confidential Information") shall be used solely for the purpose of litigating this action, and for no other action or purpose; save an order of a court of competent jurisdiction.

5) Confidential Material may not be disclosed except as provided in paragraph 6; below.

6) Confidential Material may be disclosed only to the following persons:

(a) Counsel for any party, and any party to this litigation;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d)     Any private investigator and any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

(e)     Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in paragraph 6 is intended to prevent officials or employees of the County of Los Angeles or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties.

7)     Each person to whom disclosure is made, with the exception of those identified in paragraph 6 who are presumed to know the contents of the protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her such material, and shall agree on the record or in writing, that he/she has read the protective order, and that he / she understands the provisions of the protective order. Such person must also consent in writing to be subject to the jurisdiction of the district court for the Central District of California, with respect to any proceedings relating to enforcement of this order, including without limitation, any proceedings for contempt (See, Agreement Addendum "A".) Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until the final termination of this litigation.

8)     Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other pretrial

PROTECTIVE ORDER ON PEACE OFFICER PERSONNEL RECORDS AND
MEDICAL AND DISTRICT ATTORNEY'S OFFICE RECORDS

4

or trial proceedings), defendants shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

9) Confidential Material must be stored and maintained by counsel for plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Confidential material shall be clearly marked by counsel for plaintiff and maintained by counsel for plaintiff with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner: CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NO. CV 13-5724 MWF (RZx).

10) Each person to whom disclosure is made shall not duplicate any confidential information except for working copies, for exhibits for motions and trial, and for filing with the Court.

11) Testimony taken at a deposition may be designated as "Confidential", by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

12) If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in compliance with

PROTECTIVE ORDER ON PEACE OFFICER PERSONNEL RECORDS AND
MEDICAL AND DISTRICT ATTORNEY'S OFFICE RECORDS

Central District Local Rule 79-5.1.  <u>However, if any party desires protection in connection with pretrial dispositive motions, material may be lodged under seal only with the advance approval of the judicial officer who will preside at the motion.</u>

13)  If plaintiff learns that, by inadvertence or otherwise, he has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, plaintiff shall immediately: (a) notify the relevant defendant in writing of the unauthorized disclosures, (b) use ~~its~~ his best efforts to retrieve all copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Agreement.

14)  Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process.  ~~Neither this Protective Order, nor the production of any document, material, or information, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof~~.

15)  The Court shall have jurisdiction over the parties, their counsel and all persons to whom confidential information has been disclosed for the purpose of enforcing terms of this Protective Order, redressing any violation thereof, and amending or modifying the terms as the Court may deem appropriate.

PROTECTIVE ORDER ON PEACE OFFICER PERSONNEL RECORDS AND
MEDICAL AND DISTRICT ATTORNEY'S OFFICE RECORDS

6

16) Defendants do not waive any objections that they have to the admissibility of any such Confidential Material in any motion or at trial of the Confidential Materials produced to plaintiff pursuant to this protective order.

17) If plaintiff is served with a subpoena or an order to produce or divulge any of the Confidential Material obtained pursuant to this Protective Order, plaintiff shall notify any such defendants of any such subpoena or order to produce or divulge, within five (5) court days of plaintiff's counsel's receipt of any such subpoena or order.

18) The above and foregoing is without prejudice to the right of any party:

(a) To apply to the Court for a further Protective Order relating to Confidential Material, or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the Confidential Material designation from any documents; and

(c) To apply to the Court for an order compelling production of documents or modification of this order, or for any order permitting disclosure of Confidential Material beyond the terms of this order.

19) Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

20) After the final completion of this instant case, including any appeals or collateral attack, plaintiff will return those Confidential Materials that were provided to plaintiff pursuant to this order to defendant County of Los Angeles.

PROTECTIVE ORDER ON PEACE OFFICER PERSONNEL RECORDS AND
MEDICAL AND DISTRICT ATTORNEY'S OFFICE RECORDS

Notwithstanding anything in the foregoing, this Protective Order shall not govern in connection with dispositive motions or at trial. If a party desires protection in connection with those proceedings, the party must separately apply, to the judicial officer who will preside at those proceedings.

**IT IS SO ORDERED:**

Dated: June 16, 2014

_____
UNITED STATES MAGISTRATE JUDGE